# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

  v.                                            Case No. 16-CR-143

**BRAXTON TAYLOR,**

    Defendant.

## RECOMMENDATION ON
## DEFENDANT'S MOTION TO SUPPRESS

On June 24, 2016, a little before 6:00 p.m., Milwaukee police officers Erin Tischer and Michael Miller stopped a SUV in the 2800 block of West Center Street for a cracked windshield. Both the driver, Mr. Austin Sanders, and the passenger, defendant Mr. Braxton Taylor, had active arrest warrants and were taken into custody without incident. When Officer Tischer went to move the vehicle out of traffic, she observed a handgun in the driver door pocket. Thereafter, Officer Tischer and other officers searched the vehicle and found a firearm under the passenger seat. Mr. Taylor's fingerprint was later found on that firearm.

On September 7, 2016, a federal grand jury indicted Mr. Taylor, charging him with possession of a firearm while under a domestic violence restraining order. ECF No. 1. On February 22, 2016, a federal grand jury returned a superseding indictment, charging Mr. Taylor with two counts of possession of a firearm while under a domestic violence restraining order (count one for possession on June 24,

2016, and count two for possession on January 30, 2017). ECF No. 10. The matter is assigned to United States District Judge Pamela Pepper for trial and to this Court for pretrial motions. Mr. Taylor's trial date has been adjourned. ECF No. 23.

Mr. Taylor filed a motion to suppress on March 15, 2017, in which he maintains that the search of the vehicle on June 24, 2016, violated his Fourth Amendment rights because it was not reasonable for the officers to believe that the vehicle contained evidence of Mr. Sanders's arrest for carrying a concealed weapon. ECF No. 15. The United States opposes the motion, arguing that as a passenger in the vehicle searched by law enforcement, Mr. Taylor lacks standing to challenge the search. ECF No. 17. Mr. Taylor's suppression motion is now fully briefed and ready for disposition. *See* ECF Nos. 15; 17; 22. For the reasons described below, the Court finds that Mr. Taylor cannot properly challenge the search. The Court therefore will recommend that the district judge deny Mr. Taylor's suppression motion.

This recommendation flows from *Rakas v. Illinois*, in which the Supreme Court affirmed the denial of petitioners' motion to suppress a sawed-off rifle and shells that were seized by police during the search of a vehicle in which petitioners were passengers. 439 U.S. 128, 149 (1978). In rejecting the same "target" theory being advanced here by Mr. Taylor, the Court concluded that persons whose property was seized have no "legitimate expectation of privacy" protected by the Fourth Amendment "in the glove compartment or area under the seat of the car in which they were merely passengers. Like the trunk of an automobile, these are areas in which a passenger *qua* passenger simply would not normally have a

2

legitimate expectation of privacy." *Id.* 148-49; *see also United States v. Price*, 54 F.3d 342, 345 (7th Cir. 1995) (relying on *Rakas* to hold that passengers may not challenge an allegedly unlawful search because the "rights guaranteed by the Fourth Amendment are personal, and may not be asserted vicariously . . . they must be championed by the one whose rights were infringed by the government's conduct"); *United States v. Walton*, 763 F.3d 655, 666 (7th Cir. 2014).

Here, as a passenger, Mr. Taylor has not asserted a possessory interest in the vehicle. The vehicle was driven by Mr. Sanders, and it is Mr. Sanders who therefore could assert that the search violated *his* Fourth Amendment rights. Mr. Taylor nevertheless argues that he has a possessory interest in the property seized as he concedes, subject to Fed. R. Evid. 104(d) and *Simmons v. United States*, 390 U.S. 377 (1968), that he possessed the firearm found by the officers.

But showing of an interest in the property seized is not enough. The Supreme Court has held that ownership of seized property is insufficient to give the owner an expectation of privacy requisite to challenge its seizure. The owner must also have a reasonable expectation of privacy in the place in which the personal property is located. *See Rawlings v. Kentucky*, 448 U.S. 98, 105-06 (1980); *see also United States v. Lisk*, 522 F.2d 228, 230-31 (7th Cir. 1975) (in denying motion to suppress a defendant's bomb that was seized from the trunk of another party's [Mr. Hunt] car, stating that "[t]he invasion of Hunt's privacy was a violation of Hunt's Fourth Amendment rights, but this violation is clearly not available to the defendant as a bases for suppressing evidence acquired thereby"). As discussed above, passengers

do not have a reasonable expectation of privacy in a vehicle. *See Rakas*, 439 U.S. 128; *Walton*, 763 F.3d at 666; *Price*, 54 F.3d at 345-46. Further, numerous courts have held more specifically that there is no justified expectation of privacy in the trunk, glove compartment, or the area under and surrounding the passenger seat. 6 WAYNE R. LAFAVE, SEARCH AND SEIZURE § 11.3(e) (5th ed. 2012) (collecting cases).

Mr. Taylor has not distinguished this body of authority or otherwise explained how this Court could find in his favor in light of *Rakas*, *Rawlings*, and *Lisk*. These cases compel the conclusion that Mr. Taylor, as a passenger, had no legitimate expectation of privacy in the areas of the car that were searched and from which his firearm was seized. Accordingly, the Court will recommend that the District Judge deny Mr. Taylor's suppression motion.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Braxton Taylor's Motion to Suppress, ECF No. 15, be **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the District Judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2017.

BY THE COURT:

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge