UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                           Case No. 16-CR-143

**BRAXTON TAYLOR,**

    Defendant.

## RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS

On September 7, 2016, a federal grand jury indicted Mr. Braxton Taylor charging him with possession of a firearm while under a domestic violence restraining order. ECF No. 1. On February 22, 2016, a federal grand jury returned a superseding indictment, charging Mr. Taylor with two counts of possession of a firearm under a domestic violence restraining order (Count One for possession on June 24, 2016, and Count Two for possession on January 30, 2017). ECF No. 10. The matter is assigned to United States District Judge Pamela Pepper for trial and to this Court for pretrial motions. Mr. Taylor's trial date has been adjourned. ECF No. 23.

Mr. Taylor filed a motion to dismiss on March 15, 2017, in which he maintains that 18 U.S.C. § 922(g)(8), on its face and as applied to him, violates his Second Amendment right to keep and bear arms as well as his Fifth Amendment right to due process. ECF No. 16. Specifically, Mr. Taylor argues that (1) the statute

is flawed because a court may issue a qualifying restraining order without making any finding that the respondent has ever engaged in domestic violence, is imminently dangerous, or poses a threat with a gun; (2) the process afforded to defendants under § 922(g)(8) is too minimal to safeguard the fundamental constitutional right of keeping arms against erroneous deprivations of the right; (3) no historical precedent exists to support depriving a person subject to a restraining order of Second Amendment rights; (4) the prohibition does not survive application of strict or intermediate scrutiny; and (5) the justifications relied upon by the Seventh Circuit in upholding § 922(g)(9) do not apply with equal force to § 922(g)(8). *Id*.

The United States opposes the motion. ECF No. 18. Mr. Taylor's motion to dismiss is now fully briefed and ready for disposition. *See* ECF Nos. 16; 18; 21. For the reasons described below, the Court will recommend that the district judge deny Mr. Taylor's motion to dismiss.

**I.    Background Facts**

On March 25, 2013, Mr. Taylor was charged in a Milwaukee County case with battery, two counts of disorderly conduct, and two counts of criminal damage to property. ECF No. 18, at 2. On March 27, 2013, Mr. Taylor was charged in a separate Milwaukee County case with battery. *Id*. In both cases, the victim was identified as T.T. *Id*. The cases were set for trial, but on the appointed date, the victim did not appear, resulting in dismissal of both cases. *Id*.

2

On April 2, 2013, T.T. filed a petition requesting a temporary restraining order against Mr. Taylor in Milwaukee County. ECF Nos. 16-1 & 18-1. This temporary restraining order reflects that T.T. and Mr. Taylor were in a romantic relationship, had previously lived together, and were expecting a child together. ECF Nos. 16-1 & 18-1. The petition also noted that Mr. Taylor had access to firearms at his mother's residence. ECF Nos. 16-1 & 18-1. On that same day, the temporary restraining order was granted. ECF Nos. 16-1 & 18-1. The temporary restraining order noted that Mr. Taylor may be prohibited from possessing a firearm under federal law pursuant to 18 U.S.C. § 922(g)(8). ECF Nos. 16-1 & 18-1. An injunction hearing was scheduled for April 16, 2013. ECF Nos. 16-1 & 18-1.

The hearing was rescheduled to allow Mr. Taylor to be properly served with notice of the proceedings. ECF No. 18-1, at 5-6. Mr. Taylor was served with the temporary restraining order on April 22, 2013.[1] ECF No. 16, at 2. On April 30, 2013, the injunction hearing was held. ECF No. 18-1, at 5-6. Mr. Taylor did not appear, but the docket notes that he had been properly served. *Id.*

When the Milwaukee County Court Commissioner granted the injunction, the court found that Mr. Taylor was in a current or former live-in dating relationship with T.T. ECF Nos. 16-2 & 18-1. Additionally, the court found that T.T.'s petition was filed under Wis. Stat. § 813.12, that Mr. Taylor had been properly served, that he had an opportunity to be heard, and that there were

---

[1] Mr. Taylor avers that he was served with the original Temporary Restraining Order that provided for an April 16, 2013, hearing date and that he never received notice of the April 30, 2013, hearing. ECF No. 16, at 2 n.1.

3

reasonable grounds to believe that Mr. Taylor had engaged in, or may engage in, domestic abuse of T.T. ECF Nos. 16-2 & 18-1. The injunction, effective until April 30, 2017, prohibited Mr. Taylor from committing acts or threats of domestic abuse against T.T., required him to avoid T.T.'s residence, and required him to avoid contacting T.T. ECF Nos. 16-2 & 18-1. Further, the injunction ordered that Mr. Taylor was prohibited from possessing a firearm until after the injunction expired. ECF Nos. 16-2 & 18-1. The injunction notified Mr. Taylor of federal penalties and prohibitions related to possession of a firearm pursuant to 18 U.S.C. § 922(g)(8). ECF Nos. 16-2 & 18-1.

The circumstances underlying the two incidents of possession charged in the indictment are as follows. First, on June 24, 2016, Mr. Taylor was a passenger in a vehicle that was stopped by law enforcement. ECF No. 18, at 3. A search of that vehicle revealed under the passenger seat a firearm that had Mr. Taylor's fingerprint. *Id.*

Second, on January 30, 2017, Milwaukee police officers responded to St. Joseph's Hospital in Milwaukee, Wisconsin, for a shooting complaint. *Id.* at 3-4. Mr. Taylor initially gave officers a false name, but they later discovered his identity and the existence of an outstanding federal warrant. *Id.* at 4. Mr. Taylor had injuries including a bullet wound to his testicles and a fractured right femur bone. *Id.* Mr. Taylor told the officers he was shot by an unknown subject outside of his mother's apartment in Milwaukee, Wisconsin. *Id.* Based upon the officers' canvas of the alleged shooting location, the location of bullet holes in Mr. Taylor's clothing, and

4

the trajectory of those holes, the officers determined the wounds were self-inflicted. *Id*.

A consent search of Mr. Taylor's mother's apartment revealed a pistol with an extended 30 round magazine in a hallway linen closet. *Id*. The pistol had blood on the nozzle and Mr. Taylor's fingerprint was located on the extended magazine of the firearm. *Id*.

## II. Analysis

Mr. Taylor seeks dismissal of the superseding indictment on the basis that 18 U.S.C. § 922(g)(8) violates the Second Amendment and the Due Process Clause. The statute in question, 18 U.S.C. § 922(g)(8)-(9), makes possession of a firearm unlawful for any person:

> (8) who is subject to a court order that—
>
> > (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
> >
> > (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
> >
> > (C)
> > > (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
> > >
> > > (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or

5

>    (9) who has been convicted in any court of a misdemeanor crime
>    of domestic violence.

In Wisconsin, a domestic violence restraining order requires only "reasonable grounds to believe that the respondent" has or will engage in domestic abuse of the petitioner. Wis. Stat. § 813.12(4)(a)(3). Based upon such a finding, the court may impose an injunction, thus banning firearm possession, for up to four years. Wis. Stat. § 813.12(4)(c).

On its face, the restraining order in this instance met each of the requirements set out in § 922(g)(8)(A)-(C). As to § 922(g)(8)(A), notwithstanding Mr. Taylor's argument that he never received actual notice of the hearing, an argument that is addressed more fully below, the injunction issued by the state court found that he was properly served and had an opportunity to be heard. ECF Nos. 16-2 & 18-1. Further, the state civil court record reflects that an affidavit of service was filed on April 25, 2013, and the notes from the injunction hearing on April 30, 2013, indicate that Mr. Taylor was served timely and that the matter would proceed in his absence. ECF No. 18-1, at 5. Accordingly, § 922(g)(8)(A) is satisfied.

Section 922(g)(8)(B) is satisfied as the injunction also orders that Mr. Taylor refrain from committing acts or threats of domestic abuse, as defined under Wis. Stat. § 813.12, against T.T. And § 922(g)(8)(C)(ii) is satisfied as, in addition to expressly prohibiting Mr. Taylor from committing acts or threats of domestic abuse against T.T., the injunction finds that there were reasonable grounds to believe that Mr. Taylor has engaged in or may engage in domestic abuse of T.T.

Mr. Taylor argues that in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), the Supreme Court determined that the Second Amendment enshrined the right to possess weapons and that an individual is protected in his right to possess certain weapons in the home. *Id.* at 2817; 2821-22. Mr. Taylor asserts that § 922(g)(8) violates this established right for numerous reasons. First, Mr. Taylor argues that § 922(g)(8) has minimal substantive requirements and provides constitutionally deficient process. He argues that unlike someone deprived of firearms pursuant to § 922(g)(9), who has received at minimum the Constitutional protections afforded a criminal defendant, § 922(g)(8) deprives a person of firearms without right to counsel, to a jury trial, or to proof beyond a reasonable doubt.

He further notes that there is no requirement that a defendant be advised prior to a hearing on the restraining order that he will be stripped of his Second Amendment rights if the restraining order is issued, nor is there a requirement that the defendant receive notice after an order is issued that he is prohibited from possessing a firearm. Further, there is no limitation on the length of the prohibition on possessing firearms as long as the order remains in effect. Mr. Taylor also points out that domestic violence restraining orders are brought by private individuals and not prosecutors. Finally, Mr. Taylor argues that there is no requirement for the court issuing a restraining order to satisfy any burden of proof.

Mr. Taylor raises compelling points illustrating concerns surrounding the requirements and process of issuing domestic restraining orders and injunctions in Wisconsin, generally, and, more specifically, surrounding the associated firearm

7

prohibition as related to 18 U.S.C. § 922(g)(8). As the government points out, however, these claims appear to be resolved in our Circuit.

Preliminarily, § 922(g)(8) does not require that a defendant be present at the hearing—it only requires that a defendant be provided an opportunity to participate, and Mr. Taylor was given that opportunity. Neither does § 922(g)(8) require proof beyond a reasonable doubt, right to counsel, or right to a jury trial. Regardless, the procedural protections of § 922(g)(8), even though less substantial than those afforded a defendant in a preliminary criminal proceeding, were found to be constitutionally sufficient to impose a similar prohibition on firearm possession. *See United States v. Khatib*, 2012 U.S. Dist. LEXIS 173143, *14-15 (E.D. Wis. Dec. 6, 2012) (citing *United States v. Luedtke*, 589 F. Supp. 2d 1018, 1024 (E.D. Wis. 2008)).

Additionally, as both Mr. Taylor and the government recognize, most of the arguments raised mirror those recently raised in *United States v. Harris*, 15-CR-193-PP, 2016 U.S. Dist. LEXIS 19652 (E.D. Wis. Feb. 18, 2016). There, the defendant also challenged § 922(g)(8) as violating the Second Amendment and due process. *Id.* at *1. These arguments were rejected. Judge Pepper adopted Judge Duffin's recommendation (*United States v. Harris*, 15-CR-193, 2016 U.S. Dist. LEXIS 19654 (E. D. Wis. Feb. 2, 2016)), finding that § 922(g)(8) does not violate the Second Amendment. *Id.* at *6. This Court cannot discern any new arguments raised that would require a different result on the Second Amendment claims, and accordingly, finds such claims resolved in the Eastern District of Wisconsin.

8

Case 2:16-cr-00143-PP   Filed 04/28/17   Page 8 of 11   Document 26

Accordingly, this Court will recommend denying the portion of the motion to dismiss premised on a Second Amendment challenge.

In *Harris*, Judge Pepper also agreed with Judge Duffin that a due process argument runs afoul of the Seventh Circuit's prohibition against using § 922(g)(8) to collaterally attack state court procedure. *Id.*; *see also United States v. Wescott*, 576 F.3d 347, 354-55 (7th Cir. 2009) (citing *Lewis v. United States*, 445 U.S. 55, 58 (1980)). This Court will therefore consider this issue resolved against Mr. Taylor.

As discussed above, Mr. Taylor avers that he was not properly served with notice of the injunction hearing. The government asserts this is a collateral attack that is not permitted pursuant to *Harris* and *Wescott*. It is undisputed that the state court found that Mr. Taylor had been properly served and that he was given an opportunity to participate when it issued the injunction. ECF Nos. 16-1 & 18-1. To distinguish the alleged lack of notice from a collateral attack on the process he received in state court, Mr. Taylor argues that his challenge is to § 922(g)(8) and not to the injunction, and reiterates his argument that § 922(g)(8) fails to satisfy the basic tenets of due process. Mr. Taylor is correct that it is § 922(g)(8), and not the injunction, that imposes criminal penalties on him. Yet, without the injunction, Mr. Taylor would not be subject to such penalties, as § 922(g)(8) only comes into effect when one is subject to an underlying court order described therein.

In the end, if the Court were to accept Mr. Taylor's allegation that he did not receive notice, this Court would be effectively making a finding contrary to that of the state court. Such a finding would be contrary to the teaching of *Harris*.

Moreover, it appears that such an attack is not appropriate for a pretrial motion. Whether Mr. Taylor was a "Prohibited Person" at the time of the charged act of unlawful possession of a firearm is an element of the offense that the government will need to prove at trial.[2] Seventh Circuit Pattern Criminal Federal Jury Instructions for 18 U.S.C. § 922(g) ("At the time of the charged act, the defendant was a [Prohibited Person]"). Therefore, the government will need to prove that Mr. Taylor was prohibited from possessing a firearm under § 922(g)(8). That sort of evidentiary question is not properly adjudicated in a pretrial motion to dismiss. Accordingly, this Court will recommend denial of Mr. Taylor's motion to dismiss the superseding indictment.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Braxton Taylor's Motion to Dismiss, ECF No. 16, be **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely

---

[2] The Committee Comment to the Seventh Circuit Pattern Criminal Federal Jury Instructions for 18 U.S.C. § 922(g) indicates that the term "Prohibited Person" is used as a placeholder as it is used in the instruction for 18 U.S.C. § 922(d), and that the Committee Comment associated with the § 922(d) instruction also applies to the use of the term in the § 922(g) instruction. The Committee Comment from 18 U.S.C. § 922(d) states: "'Prohibited Person' denotes any person prohibited from possessing a firearm under 18 U.S.C. §§ 922[(d) or] (g)." *United States v. Grap*, 403 F.3d 439, 446 (7th Cir. 2005); see also *United States v. Jefferson*, 334 F.3d 670, 675 (7th Cir. 2003).

objection with the District Judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2017.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge